# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CITY OF BANGOR, MAINE, | ) |
|     Plaintiff and Counter-Defendant, | ) |
| v. | ) |
| CITIZENS COMMUNICATIONS COMPANY, | ) |
|     Defendant and Counter-Plaintiff. | ) Civ. Action No. 02-183-B-S |
| CITIZENS COMMUNICATIONS COMPANY, | ) |
|     Third-Party Plaintiff, | ) |
| v. | ) |
| BARRETT PAVING MATERIALS, INC., et al., | ) |
|     Third-Party Defendants. | ) |

## RESPONSE OF THIRD-PARTY DEFENDANT CENTERPOINT ENERGY RESOURCES CORP. TO CITIZENS COMMUNICATIONS COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Third-Party Defendant CenterPoint Energy Resources Corp. ("CenterPoint") respectfully submits this response to Citizens Communications Company's ("Citizens") Motion for Partial Summary Judgment. CenterPoint supports and approves of Citizens' legal conclusions and arguments raised in its memorandum in support of its motion, with one exception. The City of Bangor ("City") does not have liability under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") simply because it owned or operated the land identified as the Citizens MGP Site ("MGP Site") in the second amended complaint ("Complaint").

CenterPoint is a third-party defendant because its predecessor allegedly was a previous owner and operator of the MGP Site. As a third-party defendant, CenterPoint shares Citizens' interest in establishing that the City is a potentially responsible party ("PRP") subject to CERCLA liability. According to Citizens, one of several possible grounds for the City's CERCLA liability is its former ownership and operation of the MGP Site. As successor to an alleged previous owner and operator of the MGP Site, CenterPoint has a direct interest in the Court's consideration of this point.

CERCLA allows recovery of response costs incurred to address hazardous substance contamination problems. 42 U.S.C. § 9607(a). CERCLA makes the owner or operator of a "facility" potentially responsible for paying these response costs. 42 U.S.C. § 9607 (a)(1) and (2). A "facility" is defined as any structure, device, site or area "where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located." 42 U.S.C. § 9601(9). For purposes of determining CERCLA liability, a facility is the location where hazardous materials have been disposed of and where cleanup efforts are focused. *United States v. Northeastern Pharm. & Chem. Co., Inc.,* 810 F.2d 726, 743 (8th Cir. 1986) (hereinafter "*NEPACCO*"); *ACC Chem. Co. v. Halliburton Co.,* 932 F.Supp. 233, 238 (S.D. Iowa 1995); *see also United States v. Mottolo,* 695 F.Supp. 615 (D.N.H. 1998) (finding that a dumpsite for hazardous waste produced off-site was a CERCLA facility). The definition of a facility is largely determined by the plaintiff's theory of liability in a given case. *See* William B. Johnson, *What Constitutes "Facility" Within Meaning of §101(9) of CERCLA,* 147 A.L.R. Fed. 469, 488-89 (1998) ("To some extent, the plaintiff can control the facility at issue through its theory of liability.").

In this case, the City has not included the MGP Site in the "facility" defined in its Complaint, stating only that the "tar slick in the Penobscot River" is a CERCLA facility. (Doc. #192, Pl.'s 2nd Am. Compl. ¶ 32.) Moreover, the City has expressly stipulated that it will not seek relief for any alleged contamination located on or cleanup efforts undertaken at the MGP Site. (Doc. #158, Pl.'s Stip.) None of the parties will be conducting tests on the MGP Site, nor will any parties conduct discovery regarding any alleged contamination of the MGP Site. As a result, the MGP Site is not part of the CERCLA "facility" for purposes of assigning liability in this case. The CERCLA "facility" for this case consists only of the tar slick on the bottom of the Penobscot River and possibly the Old Stone Sewer.

The City's decision to designate only the Penobscot tar slick as a CERCLA "facility" and its stipulation that it is not seeking response costs for the MGP site compels the conclusion that no party—not the City, not Citizens, nor any of the third parties—can be liable under CERCLA as a former owner or operator of the MGP Site. The City has chosen to exclude the MGP Site from the area for which it seeks relief. As a result, the MGP site is not a relevant facility in this case, and any owners or operators of the MGP Site cannot be liable for contamination of the Penobscot based solely on their ownership or operation of that site.

The Eighth Circuit Court of Appeals addressed similar circumstances in *NEPACCO,* where a chemical manufacturing company faced CERCLA liability for owning and operating a plant where hazardous substances had been manufactured. These substances were then disposed of at an off-site farm. 810 F.2d at 729-30. The court found that the farm site, not the manufacturing plant, was the relevant facility in that case, because all of the alleged investigation and cleanup efforts had been focused at that farm site. *Id.* at 743. Because the defendant did not own or operate the relevant facility (the farm), the court held that the company could not bear

CERCLA owner or operator liability. *Id.* Rather, the company was subject to arranger liability for the disposal of the hazardous substances at the relevant facility, *i.e.,* the farm site. *Id.*

Following the *NEPACCO* logic in this case means that past owners or operators of the MGP Site, including both the City and Citizens, are not liable under CERCLA simply by virtue of their ownership or operation of the MGP Site. Alternative grounds of CERCLA liability must be established for these parties. *See Mottolo,* 695 F.Supp. at 625 (holding an off-site producer of hazardous waste liable under a generator theory of liability). Accordingly, Citizens is wrong when it argues that the City is a liable party under CERCLA simply because it owned the MGP Site. (Doc. #176, Citizens' Mot. Part. Summ. J. at 8, 11.)

This observation does not detract from Citizens' total argument that the City is a PRP, because Citizens establishes that there are several other grounds for the City's CERCLA liability. These grounds include ownership or operation of the river sites where the tar slick is located, ownership or operation of the "Old Stone Sewer" through which waste was allegedly disposed in the Penobscot (*see Westfarm Assocs. Ltd. P'ships v. Washington Suburban Sanitary Comm'n*, 66 F.3d 669 (4th Cir. 1995), and arranging for the disposal of hazardous substances into the Penobscot tar slick "facility" during the City's own ownership and operation of the MGP Site.

Alleged contamination of the MGP Site is not an issue in this case, and ownership or operation of the MGP Site cannot be the basis of any CERCLA liability here. Therefore, CenterPoint respectfully requests that the Court determine that the City does not have CERCLA liability as an owner of operator of the MGP Site, but grant Citizens' Motion for Partial Summary Judgment for the other reasons stated therein.

Respectfully submitted,

Dated: November 14, 2003         CENTERPOINT ENERGY RESOURCES CORP.

By: ___/s/ David S. Sherman, Jr._____
   David S. Sherman, Jr.
   Drummond Woodsum & MacMahon
   245 Commercial Street
   P.O. Box 9781
   Portland, Maine 04104-5081
   (207) 772-1941

___/s/ Charles T. Wehland_____
Charles T. Wehland
Laura M. Earl
Albert D. Sturtevant
Jones Day
77 W. Wacker, Suite 3500
Chicago, Illinois 60601-1692
(312) 782-3939

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, I electronically filed:

**Response of Third-Party Defendant Centerpoint Engery Resources Corp. to Citizens Communications Company's Motion for Partial Summary Judgment**

with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to the following:

    FREDERICK J. BADGER    fbadger@rwlb.com

    GREGORY A. BIBLER    gbibler@goodwinprocter.com

    ROBERT L. BRENNAN    rbrennan@goodwinprocter.com

    FREDERICK F. COSTLOW    fcostlow@rwlb.com

    STEPHEN E. CROWLEY    stephen.crowley@usdoj.gov

KEVIN M. CUDDY        kmc@cuddylanham.com

MICHELLE T. DELEMARRE        michelle.delemarre@usdoj.gov

WILLIAM B. DEVOE        wdevoe@eatonpeabody.com

LAURA M. EARL        learl@jonesday.com

ROBERT S. FRANK        frank@harveyfrank.com

MARTHA C. GAYTHWAITE        mgaythwaite@fgwl-law.com

DOUGLAS A. GRAUEL        dgrauel@nkms.com

CHARLES A. HARVEY        harvey@harveyfrank.com

BRUCE W. HEPLER        bhepler@fgwl-law.com

ROGER L. HUBER        rlh@frrlegal.com

JAY C. JOHNSON        jcjohnson@mayerbrownrowe.com

W. SCOTT LASETER        slaseter@mckennalong.com

SEAN MAHONEY        smahoney@verrilldana.com

JOHN P. MCVEIGH        jmcveigh@preti.com

TIMOTHY H. NORTON        tnorton@krz.com

NATHANIEL M. ROSENBLATT        nmr@frrlegal.com

GRAYDON STEVENS        gstevens@krz.com

ALBERT D. STURTEVANT        adsturtevant@jonesday.com

JEFFREY A. THALER        jthaler@bssn.com

DAVID B. VAN SLYKE        dvanslyke@preti.com

JAY VARON        jvaron@foleylaw.com

CHARLES T. WEHLAND        ctwehland@jonesday.com

/s/ David S. Sherman

Drummond Woodsum & MacMahon
245 Commercial Street
P.O. Box 9781
Portland, Maine 04104-5081
Tel: (207) 772-1941
Fax: (207) 772-3627
dsherman@dwmlaw.com