UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CITY OF BANGOR, MAINE,<br><br>        Plaintiff,<br><br>v.<br><br>CITIZENS COMMUNICATIONS COMPANY,<br><br>        Defendant. | CIVIL ACTION,<br>DOCKET NO. 02-183-B-S |

## PLAINTIFF CITY OF BANGOR, MAINE'S
## MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY

Plaintiff City of Bangor, Maine, ("the City") moves in limine to exclude the testimony of any expert witness called by the defendant, Citizens Communications Company ("Citizens"), during the trial to the extent such experts were not properly identified and their opinions disclosed in accordance with the Court's prior scheduling orders.

### STATEMENTS OF FACT

1. This case has been pending since November 22, 2002, the date the City's original complaint was docketed with the Court. It is scheduled to go to trial on September 12, 2005, *see* Docket Nos. 484, 491, 502.

2. By an amended scheduling order dated November 7, 2003, Citizens was required to identify its experts and disclose the substance and foundation of

their opinions to the City by December 22, 2003, *see* Docket No. 200. The parties were to complete their discovery, including depositions of any experts so designated, by February 23, 2004. *Id.* The parties subsequently complied with this schedule.

3. Having taken the depositions of Citizens' experts, the City proceeded, on the basis of information obtained in the depositions, to do the following: (1) move for summary judgment on issues posed in the amended complaint; (2) retain the services of rebuttal experts in order to be able to respond to the testimony of Citizens' experts; (3) move to exclude the testimony of certain witnesses under *Daubert* principles prior to the February 24, 2004 deadline established by the Court, *id;* and (4) prepare for trial.

4. On July 29, 2005, following the hearing on Citizens' motion to continue the trial in this case which was denied by the Court, counsel for Citizens told counsel for the City that Citizens intended to call George P. Baker, Ph. D., as an additional expert witness on Citizens' behalf at trial.

   a. Dr. Baker was never identified as a potential expert witness for Citizens in the context of the parties' case-in-chief. Instead, Dr. Baker had been identified by Citizens only as a potential expert witness in the context of Citizens' claims for contribution or indemnification against the third party defendants. A copy of Citizens' designation of Dr. Baker, dated February 2, 2004, is attached as Exhibit A.

   b. The sum and substance of Baker's anticipated testimony, as stated in the designation, is that during certain discrete periods in the

      manufactured gas plant's history, third party defendants UGI and CenterPoint or their corporate predecessors exercised control over the facility through domination of Citizens' predecessor and/or disregarded Citizens' separate corporate identity.

c. Dr. Baker has not been deposed, because his opinions do not bear directly upon the City's claims against Citizens or Citizens' counterclaim against the City, but rather upon Citizens' claim for contribution or indemnification from the third party defendants, and because the Court subsequently stayed all discovery concerning the third party claims as part of its order on bifurcation, *see* Docket Nos. 321, 373.

d. In a conversation between the City and Citizens' counsel, on August 9, 2005, Citizens' counsel offered to let the City depose Dr. Baker on August 30, 2005.  However, August 30 is a date Citizens' counsel knows that counsel for the City has a half-day hearing scheduled in Hancock County Probate Court.  It is also more than a year and a half after Citizens' was required to identify its experts for the coming week, less than one week before the Court's scheduled *Daubert* hearings and less than two weeks before the trial in this case.

## ARGUMENT AND CITATION OF AUTHORITY

Although Citizens has not suggested that it will call other, as-yet-unspecified experts to testify on its behalf at trial, the City deems it prudent to move in limine to

exclude any such experts from testifying, including but not limited to Dr. Baker. In the case of Dr. Baker, the grounds for his exclusion are several.

First, Dr. Baker's testimony should be excluded because his opinions are not relevant to the issues in the case-in-chief. Rule 402 of the Federal Rules of Evidence limits the admissibility of evidence to relevant evidence. Fed. R. Evid. 402. "Relevant evidence" is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In this case, evidence of Centerpoint's or UGI's domination of Citizens' predecessor during certain discrete periods in its operational past is not relevant to the parties' case-in-chief, because the Court has already determined, as a matter of law, that Citizens succeeded to the liabilities of both the Bangor Gas Light Company and Bangor Gas Company as a result of the merger that took place in 1948, *see* Docket Nos. 380, 408. Thus, Citizens succeeded to any liability generated during UGI's or CenterPoint's operation of the facility.

At best, Citizens may have a claim for contribution against UGI and CenterPoint based on the theory that UGI and CenterPoint acted in concert with Citizens in causing part of the pollution from the manufactured gas plant. However, if UGI and CenterPoint acted in concert with Citizens, Citizens would be jointly and severally liable to the City for the harm caused in concert with UGI and CenterPoint, subject to a possible[1] right to assert a later contribution claim against UGI and CenterPoint. *See, e.g., Simeon v. T. Smith & Son, Inc.,* 852 F.2d 1421, 1431, *rehearing denied* 860 F.2d 1255 (5th Cir.1988).

---

[1] The City takes no position with regard to the viability of Citizens' claims against UGI and CenterPoint arising out of alleged concert of action in running the Bangor MGP along with Citizens during certain periods. However, the City notes the District court of the Southern district of New York rejected a claim on similar facts in *Consolidated Edison v. UGI Utilities, Inc.*, 310 F.Supp.2d 592 (SDNY 2004)(currently on appeal).

*Compare Target Stores v. Automated Maintenance*, 492 N.W.2d 899, 903-4 (N.D. 1992). Thus, since Citizens has already been found to have assumed the responsibility of all the local companies operating the MGP since its inception, *see* Docket Nos. 380, 408, expert opinion exploring the relationship between Citizens and its predecessors' historical parent corporations is not relevant to this phase of the case.

Second, the presentation of Dr. Baker would violate this Court's prior scheduling orders. Citizens did not object to the Court's November 7, 2003, scheduling order setting December 22, 2003, as the deadline for designation of its experts in the case-in-chief. Moreover, Citizens did not then, nor did it thereafter, move to extend the deadline or request leave to designate Dr. Baker following the expiration of the deadline established by the Court. The designation of Dr. Baker for the purpose of advancing Citizens' third party claims, coming as it did well after the expiration of the deadline for designating experts in the case-in-chief, cannot be interpreted as a designation for purposes of the City's claims against Citizens.[2]

Local Rule 16.2(e) states that if a party objects to a deadline in a scheduling order, it must do so not later than twenty-one (21) days from the date the proposed scheduling order is issued. L.R. 16.2(e). Rule 16.2(e) also states that a party wishing to alter a deadline established by a scheduling order must file a discovery plan and seek a judicial conference. *Id.* Neither step was taken by Citizens with respect to witness Dr. Baker. In O'Connell v. Hyatt Hotels of Puerto Rico, et al., 357 F.3d 152 (1st Cir. 2004), the court noted the importance of scheduling orders, stating that "the court may extend a scheduling order deadline on a showing of good cause if the [deadline] cannot reasonably

---

[2] In this regard, it is worth noting that the City has not brought any direct claims against the third party defendants. Consequently, Dr. Baker's opinions have no bearing upon the City's claims whatsoever.

be met despite the diligence of the party seeking the extension." *O'Connell*, 357 F.3d at 154. The court went on to observe, however, that for the rules to govern effectively, "litigants cannot be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.'" *Id.* (*quoting Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)).

Additionally, in *Davies v. Datapoint Corp.*, 1995 U.S. Dist. LEXIS 21739 (D. Me.), the court denied a party's attempt to call an expert witness when the party had not complied with the disclosure deadlines contained in the court's scheduling order. The court noted that the "disclosure requirements ensure that 'opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'" *Davies*, 1995 U.S. Dist. LEXIS 21739 *17 (*quoting* Fed. R. Civ. P. 26(a)(2) advisory committee's note (1993 amendment)).

In this case, Citizens' failure to comply with the Court's scheduling order has prevented the City from engaging in reasonable discovery of Dr. Baker's opinions, to the extent they are relevant, or of obtaining rebuttal testimony from other expert witnesses. Citizens' belated offer to have the City depose Baker on the eve of trial does not ameliorate this problem.

Third, allowing Dr. Baker to testify on issues solely related to potential third party liability to Citizens, in the absence of the third parties' opportunity to cross-examine Baker, opens the door to factual findings or evidentiary rulings which Citizens might then seek to assert against the third parties when Citizens' case against the third parties goes to trial. Not only will the third parties be absent from the Phase 1 trial between the City and Citizens, the depositions of experts identified by Citizens for its third party claims has

been stayed pending further order of the Court.[3]  Thus, not only will the third parties be absent, they will have lacked any meaningful opportunity to prepare cross-examination, even assuming the third parties are present for the Phase I trial.  Accordingly, allowing Dr. Baker to testify concerning third party liability to Citizens in the context of the Phase 1 trial would be fundamentally unfair to the third parties, and would raise subtle and intractable issues under the doctrines of *res judicata* and collateral estoppel.

Finally, although Citizens has not indicated that it intends to call any other expert witnesses, not previously identified in accordance with the Court's scheduling order, an order in limine excluding the testimony of Dr. Baker also should be broad enough in scope to exclude any other such testimony to avoid the need to file successive motions based upon the same theories of exclusion.

WHEREFORE, plaintiff City of Bangor, Maine, moves in limine to exclude the testimony of any expert witness called by the defendant, Citizens Communications Company, during the Phase I trial to the extent such experts were not properly identified and their opinions disclosed in accordance with the Court's prior scheduling orders.

Dated at Bangor, Maine, this 19th day of August, 2005.

CITY OF BANGOR, MAINE

By   /s/ *William B. Devoe*  
William B. Devoe, Esq.

---

[3] Citizens may be raising the specter of Dr. Baker's testimony in an effort to convince the Court to further delay the proceedings in this case.  On this issue, suffice it to say that Citizens' motion to continue the trial has been denied.

By    /s/ *P. Andrew Hamilton*
        P. Andrew Hamilton, Esq.

        EATON PEABODY
        Fleet Center - 80 Exchange Street
        P.O. Box 1210
        Bangor, Maine  04402-1210
        207-947-0111


By    /s/ *W. Scott Laseter*
        W. Scott Laseter, Esq.

        McKenna, Long & Aldridge, LLP
        303 Peachtree Street, NE
        Suite 5300
        Atlanta, Georgia  30308
        404-527-4370


        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I, William B. Devoe, Esq., on behalf of the plaintiff, City of Bangor, Maine, hereby certify that I made service of the foregoing Plaintiff's Motion in Limine to Exclude Expert Testimony by transmitting an electronic copy of said motion with attached exhibit to each of the recipients identified on the attached Service List on the 19th day of August, 2005.

By  /s/ *William B. Devoe*
William B. Devoe, Esq.