UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **CITY OF BANGOR,** )<br> )<br> **Plaintiff** )<br> )<br>v. )<br> )<br>**CITIZEN COMMUNICATIONS** )<br>**COMPANY,** )<br> )<br> **Defendant & Third** )<br> **Party Plaintiff** )<br> )<br>v. )<br> )<br>**BARRETT PAVING MATERIALS, INC. et al,** )<br> )<br> **Third Party Defendants.** ) | **Civil No. 02-183-B-S** |

**ORDER ON PENDING DAUBERT MOTIONS**

Before the Court are four motions by the City of Bangor seeking to exclude various expert witnesses from testifying at the bench trial in this matter. The Court has considered both the written submissions of the parties, as well as the arguments offered at the hearings on these motions. In addition, the Court has considered the testimony it has heard from the four proposed experts at the hearings.

In considering these motions, the Court has been guided by Federal Rule of Evidence 702, as interpreted by the Supreme Court's decisions in both <u>Daubert v. Merrill Dow Pharmaceuticals</u>, 509 U.S. 579 (1993) and <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999).

The Court's analysis is further guided by the First Circuit's decision in <u>Ruiz-Troche v. Pepsi-Cola</u>, 161 F.3d 77 (1st Cir. 1998). As the First Circuit explained in that decision, <u>Daubert</u> requires "the trial judge to evaluate an expert's proposed testimony for both reliability and relevance." <u>Id.</u> at 80-81. In determining the reliability of any expert testimony, the First Circuit cautioned in <u>Ruiz-Troche</u> that:

1

> "Daubert does not require that a party who proffers expert testimony carry the burden of proving to the judge that the expert's assessment of the situation is correct. . . . It demands only that the proponent of the evidence show that the expert's conclusion has been arrived at in a scientifically sound and methodologically reliable fashion."

Ruiz-Troche, 161 F.3d at 85.

If the Court finds that any expert's testimony meets this bar and is relevant to the factual issues at hand, it is generally admitted and then subjected to "the adversary process" of "competing expert testimony and active cross-examination." Ruiz-Troche, 161 F.3d at 85.

The issue of whether any given expert's opinion is based on a sufficient factual basis is ordinarily best resolved by this adversary process and the Court will exclude an expert from testifying only if it appears that an expert's opinion is so fundamentally unsupported that it can offer no assistance to the fact finder.

With this standard in mind, the Court announces its decisions on each of the four pending Daubert motions:

**(1) Plaintiff's Motion to Exclude Testimony of Glen C. Gustafson (Docket # 299)**

Dr. Gustafson is offered as an expert in the interpretation of aerial photographs. There is no dispute that Dr. Gustafson is qualified in this field of expertise. Rather, it appears that Plaintiff's concerns focus on the documents and exhibits this expert has relied upon in reaching his opinions as well as whether some of these opinions are actually the result of specialized knowledge.

In short, the Court is satisfied that Dr. Gustafson's testimony is both relevant and reliable. The issues raised by Plaintiff go to the credibility and weight of that testimony – issues that are best resolved at trial and do not serve as a basis for excluding this witness

from testifying at trial. Therefore, the Court DENIES this Motion without prejudice to Plaintiff renewing its objections at trial.

### (2) Plaintiff's Motion to Exclude Testimony of Dr. J. Craig Swanson (Docket # 303)

Dr. Swanson is offered as an expert in hydrodynamics, including river dynamics. Based on the testimony offered at the hearing, the Court finds no basis for excluding Dr. Swanson from testifying at trial. Rather, the Court preliminarily finds that Dr. Swanson's testimony satisfies Daubert's reliability requirement.

Moreover, it became clear at the hearing that much of Dr. Swanson's testimony will be offered in response to various expert testimony that will be offered by the City through RMT. In light of the connection, the relevance of Dr. Swanson's opinions are best examined at trial after the Court has heard the related opinions to be offered by Plaintiff through its own experts.

Plaintiff has raised two "fairness issues" in connection with this Motion that the Court must address. First, with respect to the ArcView program, as the Court has already noted on the record, it has relied on Defense counsel's representations that it does not intend to elicit testimony from Dr. Swanson regarding additional research he has done since his deposition into how ArcView program operates. Defense counsel has represented to the Court that this additional research does not serve as the basis for Dr. Swanson's opinions and apparently has not altered those opinions. To the extent that the City wishes to cross-examine Dr. Swanson on why he conducted any additional research and why he can answer certain questions now that he could not answer at his earlier deposition, the City is free to do so. In the Court's assessment, this issue goes to the credibility of Dr. Swanson and the weight that may ultimately be given to his opinions.

With respect to the WQMAP program, Plaintiff was apparently offered a no-cost "viewer" of the program but refused it and now comes before the Court complaining that it has not had a full and fair opportunity to explore this program, which serves as a basis

for Dr. Swanson's opinions. In short, having failed to exhaust the opportunities that were made available, the Court finds that Plaintiff's fairness objection is without merit. Before requesting exclusion on this basis, Plaintiff was obligated to review the offered materials and present to the Court a more detailed argument as to why the "viewer" was by itself insufficient. This discovery issue should have been pressed by Plaintiff in the days and weeks following Dr. Swanson's deposition in February 2004, if not earlier. Having failed to pursue this matter then, the Court finds Bangor's current "unfairness" claims to be untimely and without merit.

For the reasons just explained, the Court DENIES the Motion to Exclude the Testimony of Dr. Swanson without prejudice to Plaintiff renewing its objections at trial.

**(3) Plaintiff's Motion to Exclude Testimony of Jonathan Arnold (Docket # 296)**

Mr. Arnold is offered as an expert in economics, including financial statement analysis. At the hearing, Mr. Arnold's opinions were summarized as falling into three separate categories: (1) that Citizens did not get any meaningfully economic benefit from its ownership and operation of Bangor Gas Works, (2) that there was a market for the sale of tar and no economic incentive to waste tar, and (3) that holding Citizens liable for clean-up of discharges into the sewer would violate principles of economic efficiency and fairness.

Having listened to Mr. Arnold's testimony at the hearing, the Court is satisfied that Mr. Arnold's opinions were arrived at using sound economic principles. Thus, the Court finds that Mr. Arnold's opinions are reliable and admissible under Daubert. For this reason, the Court DENIES this Motion to Exclude his Testimony without prejudice to Plaintiff renewing its objections at trial.

As the Court has already indicated, it has serious concerns regarding the relevance of some of Mr. Arnold's opinions, especially opinions falling into the second and third categories. At trial, the Court may well limit Mr. Arnold's testimony pursuant to Federal Rules of Evidence 402 or 403. In addition, the Court may also limit Mr. Arnold's

testimony to the extent it determines that the particular testimony does not assist the trier of fact.  See F.R.E. 702.

### (4) Plaintiff's Motion to Exclude Testimony of Keith E. Johnson (Docket # 298)

Mr. Johnson is offered as an expert in engineering.  In the course of discovery, Mr. Johnson has conducted an investigation of the Old Stone Sewer.  In short, the Court is satisfied that Mr. Johnson is competent to testify in this case as a fact witness regarding many relevant matters in this case.  As was discussed at the hearing, his lay testimony may include opinions to the extent they fall under F.R.E. 701.

With respect to Mr. Johnson's expert opinions on the origin of the tar-like material he observed in the pipes during his investigation, the Court's preliminary assessment is that there has been no foundation laid for Mr. Johnson's qualifications to give such an expert opinion, nor has the Court been presented with any reliable methodology that Mr. Johnson has used to conclude that any material he observes was not deposited by the tides.  Therefore, this expert testimony is excluded without prejudice.

All other issues, which Plaintiff has highlighted in both its motion papers and the hearing, are best flushed out via the adversary process and do not serve as a basis for excluding Mr. Johnson from testifying at the upcoming trial.

As just explained, the Court GRANTS IN PART AND DENIES IN PART this Motion to Exclude his Testimony without prejudice to Plaintiff renewing its objections at trial and without prejudice to Defendant attempting to establish a foundation for the expert opinions that have been preliminarily excluded by this Order.

SO ORDERED.

                /s/ George Z. Singal
              Chief United States District Judge

Dated this 7th day of September 2005.