UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CITY OF BANGOR, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 02-183-B-S |
| | ) |
| CITIZEN COMMUNICATIONS COMPANY, | ) |
| | ) |
| Defendant & Third Party Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| BARRETT PAVING MATERIALS, INC. et al, | ) |
| | ) |
| Third Party Defendants. | ) |

**ORDER ON PENDING MOTIONS IN LIMINE**

Before the Court are the following motions in limine: (1) Plaintiff's Motion in Limine to Exclude Expert Testimony (Docket # 510), (2) Defendant's Motion in Limine to Introduce Evidence Regarding New Discovery of Tar-Like Material (Docket # 511), (3) Defendant's Motion in Limine to Exclude Evidence of Contamination at Other Manufactured Gas Plants (Docket # 512), (4) Defendant's Motion in Limine to Exclude Any Expert Testimony of Representatives of the Maine DEP (Docket # 514), (5) Defendant's Motion in Limine to Exclude the Findings of the Maine DEP (Docket # 515), and (6) Defendant's Motion in Limine to Exclude Evidence of Historic Documents (Docket # 517).[1]

---

[1] At the September 7, 2005 hearing, the parties requested that the Court defer ruling on one motion in limine, Defendant's Motion in Limine to Exclude New Expert Opinions (Docket # 513). Apparently, the parties are attempting to reach an agreement that may moot this Motion. The parties shall inform the Court at the start of trial as to whether they are withdrawing this motion or need the Court to issue a ruling.

1

As explained below, the Court offers the parties the following written preliminary rulings on these motions. All of these rulings are made without prejudice to a party renewing its objection at trial.

**(1) Plaintiff's Motion in Limine to Exclude Expert Testimony (Docket # 510)**

Through this Motion, Plaintiff City of Bangor ("Bangor") seeks to have the Court enforce its December 22, 2003 deadline for the designation of experts and thereby exclude Dr. George Baker. Defendant Citizens Communications Company ("Citizens") originally designated Dr. Baker on February 2, 2004, contemplating that he would offer expert testimony on Citizens' claims against various third-party defendants.

By all accounts, Citizens did not specifically notify Bangor of its intentions to offer Dr. Baker as an expert in connection with the upcoming Phase One trial until April 2005 (at the earliest). (See Def.'s Response (Docket # 525) at 4.)

In short, Citizens' attempt to offer Dr. Baker in the upcoming Phase One bench trial is a case of "too little, too late." Citizens did not comply with the relevant December 22, 2003 deadline, nor has it sought relief from that deadline in a timely manner in order to add Dr. Baker to its properly designated list of experts. See D. Me. Local Rule 16.2(e). On this basis, the Court GRANTS this Motion and EXCLUDES Dr. Baker and any other expert who was not properly designated from testifying at the upcoming Phase One trial.

**(2) Defendant's Motion in Limine to Introduce Evidence Regarding New Discovery of Tar-Like Material (Docket # 511)**

At issue via this motion is the admissibility of evidence regarding a tar-like material that was only discovered in April 2005. All sides have had access to this newly

discovered evidence and an opportunity to have it reviewed and tested by their designated experts. Through this motion, Citizens seeks permission to allow its experts to testify regarding this tar-like material at trial.

In its response, Bangor states that the Court should grant this Motion and allow both sides to present expert testimony on this newly discovered evidence. In its reply, Citizens notified the Court that the parties have now reached agreement on this issue. Thus, the Motion is now MOOT.

**(3) Defendant's Motion in Limine to Exclude Evidence of Contamination at Other Manufactured Gas Plants (Docket # 512)**

Through this motion, Citizens seeks to preemptively exclude all evidence or arguments "about other, unrelated manufactured gas plants, including evidence of alleged contamination at those other gas plants." (Def.'s Mot. (Docket # 512) at 1.) Citizens asserts Federal Rules of Evidence 401, 402, 403 and 404(b) as bases for excluding this category of evidence. The Court is not prepared to issue such a blanket exclusion without the benefit of hearing the context in which Bangor proffers such evidence. For this reason, the Court DENIES this Motion without prejudice.

In making this pre-trial ruling, the Court warns the parties that it will not allow the focus of this trial to become whether there may be contamination at the sites of other manufactured gas plants. Rather, this is an area in which the Court expects that the presentation will be duly limited pursuant to both Federal Rules of Evidence 403 and 611 in order to avoid wasting the trial time allotted for this case.

**(4) Defendant's Motion in Limine to Exclude Any Expert Testimony of Representatives of the Maine DEP (Docket # 514)**

In its response to this Motion, Bangor indicated that it does not intend to elicit expert testimony from any Maine DEP witnesses and that it, in fact, agrees with Citizens that both parties should be prevented from using Maine DEP witnesses as experts. In light of the fact that there is no objection to the Motion, the Court GRANTS the Motion and hereby orders that testimony by any Maine DEP witness be limited to lay testimony based on each witness' personal knowledge.

**(5) Defendant's Motion in Limine to Exclude the Findings of the Maine DEP (Docket # 515)**

Through this Motion, Citizens seeks exclusion of the Maine DEP's March 3, 2004 Designation of Uncontrolled Hazardous Substance Site (the "Interim Order"), as well as testimony regarding the findings contained in the Interim Order. Citizens argues that this document is too untrustworthy to fall under the public records exception to the hearsay rule. See F.R.E. 803(8). In addition, Citizens argues for exclusion under F.R.E. 403.

In short, the Court is satisfied that the Interim Order can be admitted pursuant to F.R.E. 803(8). The issues highlighted by Citizens ultimately go to the weight that will be given to those findings and are fodder for cross-examination, not a basis for exclusion. For this reason, the Court DENIES this Motion without prejudice to Defendant renewing its F.R.E 403 objections at trial.

**(6) Defendant's Motion in Limine to Exclude Evidence of Historic Documents (Docket # 517)**

Thorough the Motion, Citizens seeks to preclude Bangor from introducing various historical documents from the early twentieth century, which apparently include journal articles and reports to subcommittees of the American Gas Association. Some or all of the documents were apparently relied upon by various experts. Of course, this reliance does not make the documents admissible. See F.R.E. 703.

As Citizens notes in its motion papers, this Motion, to some degree, overlaps with its Motion in Limine to Exclude Evidence of Contamination at Other Manufactured Gas Plants (Docket # 512). Given the overlap, it is perhaps not surprising that the Court has reached a similar conclusion after reviewing the parties' submissions in connection with this motion; namely, the Court is not prepared to exclude all historical documents from trial without the benefit of hearing the context in which the documents may be relevant and admissible. On that basis, the Court DENIES this Motion without prejudice to the objection being renewed when, and if, Bangor attempts to offer any historical documents at trial.

Finally, it is clear from the above motions in limine, as well as from the Daubert hearings, that there are genuine issues of dispute that will consume substantial trial time in the upcoming bench trial. In order to focus the upcoming bench trial on these issues and ensure that both sides have adequate time to present and cross-examine the

relevant witnesses, the parties are again urged to enter into stipulations regarding any facts or foundational issues as to which there is no dispute.

SO ORDERED.

                                             /s/ George Z. Singal
                                       Chief United States District Judge

Dated this 7th day of September 2005.