UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **CITY OF BANGOR,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Civil No. 02-183-B-S** |
| | ) | |
| **CITIZEN COMMUNICATIONS COMPANY,** | ) | |
| | ) | |
| **Defendant & Third Party Plaintiff** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **BARRETT PAVING MATERIALS, INC. et al,** | ) | |
| | ) | |
| **Third Party Defendants.** | ) | |

**ORDER ON PENDING MOTION IN LIMINE**

Before the Court is Defendant's Motion in Limine to Exclude New Expert Opinions (Docket # 513). In accordance with the previously set briefing schedule, Plaintiff City of Bangor ("Bangor") filed a response to this Motion on August 26, 2005. (See Docket # 522.) Defendant Citizens Communications Company ("Citizens") then filed its reply on September 2, 2005. (See Docket # 539.) This reply indicated that "[t]he parties have been able to reach agreement as to the supplemental opinions of previously designated experts." (Def.'s Reply (Docket # 539) at 1.) However, the Court was informed that there was an outstanding issue regarding Citizen's objecting to testimony by Tom Asbeck, a rebuttal expert allegedly first disclosed on Bangor's witness list.

1

At the September 7, 2005 hearing in this matter, the Court was asked to defer ruling on this particular motion in limine while the parties continued to work on an agreement. However, before the day was done, both sides had filed supplemental papers indicating there was substantial disagreement that had nothing at all to do with Tom Asbeck. After reviewing both Defendant's Supplemental Reply (Docket # 551) and Plaintiff's Response to the Supplemental Reply (Docket # 552), the Court held a telephonic conference of counsel on September 8, 2005. At the conference, the Court heard from both sides regarding the remaining areas of disagreement. In addition, at the end of the conference, the Court provided both sides with a brief opportunity to submit additional written materials to the Court.

Having reviewed all of the written submissions and considered the representations made by counsel during the telephone conference, the Court now GRANTS IN PART and DENIES IN PART Defendant's Motion in Limine to Exclude New Expert Opinions (Docket # 513).

With respect to Tom Asbeck, Bangor has indicated that it will no longer seek to present this witness at trial and essentially does not object to him being excluded as Citizens' has requested. Therefore, the Court EXCLUDES Tom Asbeck from testifying at the upcoming trial.

The Court now turns to the heart of the parties' remaining disagreement; namely, previously designated experts and the extent to which they will be able to testify regarding work done since their initial designations and depositions. The parties have generally conceptualized this additional testimony as falling into three basic categories:

(1) Newly Discovered Tar-Like Material found at the "bulkhead" in April 2005; (2) Observation and Investigation of the "Seven Pipes" in Fall 2004; and (3) Additional Sampling done in the Old Stone Sewer in Fall 2004.

With respect to the first category, the parties have repeatedly indicated that there is no dispute and that, by agreement, previously designated experts will be allowed to testify regarding their work related to this newly discovered evidence. (See, e.g., Order on Pending Motions in Limine (Docket # 550) at 2-3 & Def.'s Add'l Submission (Docket # 555) at 1.) With respect to the second and third categories, it is clear that the parties had reached an agreement to exchange supplemental designations by August 31, 2005. Pursuant to that agreement, Bangor supplemented its designations for Eugene McLinn and David Mauro. (See Exs. 3 & 4 to Docket # 552.) For its part, Citizens provided supplemental designations for Allen Uhler, Wanda Ratliff, Keith Johnson, and Andrew Middleton. (See Ex. 7 to Docket # 552.) At trial, the Court will allow these experts to testify pursuant to the exchanged August 31, 2005 supplemental designations subject, of course, to the Court finding that the proffered testimony is otherwise admissible.

However, by way of clarification, the Court will not allow either McLinn or Mauro to testify based upon any information that was not contained in their August 31, 2005 supplemental designations. This exclusion includes information regarding any visits or sampling that was done or reviewed by either of these witnesses in August 2004 or September 2005 (but was not specifically disclosed in the August 31, 2005 supplemental designations). To the extent that either of these witnesses indicates that he has relied upon such information in reaching any opinion he offers at trial, the Court will exclude and disregard that opinion since the information relied upon was not properly

disclosed. Moreover, if it is clear that the exclusion of this information means that an opinion being offered by either witness is without adequate foundation, the Court will similarly exclude and disregard that opinion.

SO ORDERED.

/s/ George Z. Singal<br>Chief United States District Judge

Dated this 8th day of September 2005.