UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **CITY OF BANGOR,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | **Civil No. 02-183-B-S** |
| ) | |
| **CITIZEN COMMUNICATIONS** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant & Third** ) | |
| **Party Plaintiff** ) | |
| ) | |
| v. ) | |
| ) | |
| **BARRETT PAVING MATERIALS, INC. et al,** ) | |
| ) | |
| **Third Party Defendants.** ) | |

**ORDER ON ADMISSIBILITY OF EXHIBITS 346 & 347**

During the bench trial in this matter, Plaintiff City of Bangor ("Bangor") moved to admit the Final Feasibility Study Report, Dunnett's Cove, Bangor, Maine (Exhibit 347) (the "FS Report") and a letter from the Maine Department of Environmental Protection ("MDEP"), dated August 17, 2005 (Exhibit 346). In the August 17, 2005 letter, MDEP accepts the FS Report and selects a remedy from the alternatives listed in the Report, but then makes that remedy selection contingent on a request for follow-up on two issues. Defendant Citizens Communications ("Citizens") objected to both of these exhibits on multiple grounds, including relevance, hearsay, and that the admission of Exhibit 347 was in violation of confidentiality agreements between the parties.

The Court received briefs on these evidentiary issues from both Plaintiff and Defendant (Docket #s 567 & 570). The Court has also reviewed the various agreements between the parties (Docket # 575). Having reviewed all of these submissions as well as

1

hearing the presentations of the parties at an oral argument held on September 20, 2005, the Court now SUSTAINS the objection of Citizens and EXCLUDES Exhibits 346 and 347 from the Phase One trial. The Court briefly explains the basis for its decision below:

Bangor has argued that Exhibit 347 falls within the public records exception to the hearsay rule because the FS Report has been accepted by MDEP. See F.R.E. 803(8). Bangor also has argued that the FS Report simply puts Exhibit 346, the letter containing the MDEP action on the FS Report, in context. However, Bangor's written submission as well as the representations of counsel at oral argument make clear that Bangor wants the fact finder to consider the contents of the FS Report for the truth of the matter asserted therein. To the extent that the FS Report is being offered not only for the MDEP's action on the Report but also for assertions contained within the Report, the Court concludes that Exhibit 347 represents an example of "hearsay within hearsay." See, e.g., United States v. Mackey, 117 F.3d 24, 28-29 (1st Cir. 1997).

The FS Report does not itself fall within any exception to the hearsay rule. In fact, the Report is the final product of a cooperative process that the parties in this case have undertaken pursuant to two confidentiality agreements: (1) the September 9, 2004 Confidentiality Agreement (Exhibit 1 to Docket # 575) and (2) the December 2, 2004 Confidentiality Agreement (Exhibit 2 to Docket # 575). Pursuant to those agreements, the parties jointly retained the firm of Blasland, Bouck & Lee, Inc. ("BBL") to review and propose possible remedies for the site at issue in this case. BBL's work culminated in the submission of the FS Report (Exhibit 347) to the MDEP.

The BBL work was undertaken in furtherance of the parties reaching a settlement on all or part of this case and both of the confidentiality agreements regarding this work

reference F.R.E. 408. (See Sept. 9, 2004 Confid. Agreement ¶ 8 & Dec. 2, 2004 Confid. Agreement ¶ 5.) In addition, the September 9, 2004 Confidentiality Agreement specifically says that BBL consultants "will be disqualified as witnesses, consultants, or experts in any pending or future matter or proceeding relating in any way to the so-called tar slick in the Bangor Harbor" absent the express consent of both parties. (Sept. 9, 2004 Confid. Agreement ¶ 5.)

The FS Report is essentially out-of-court statements by BBL that were made pursuant to these confidentiality agreements. Pursuant to both the letter and the spirit of those agreements, it is clear that Exhibit 347 cannot be admitted absent the consent of both parties. Thus, the Court's primary basis for exclusion of Exhibit 347 is that it contains out-of-court statements by a disqualified witness that do not fall within any exception to the hearsay rule.

In addition, the Court also excludes Exhibits 347 pursuant to F.R.E. 403. In connection with the Phase One trial in this matter, information regarding the joint work the parties have undertaken with respect to remedy selection is, at best, minimally relevant to the questions that are before the fact finder. This minimal relevance is substantially outweighed by the confusion of the issues and unfair prejudice to Citizens that would result from the fact finder considering the substance of the FS Report.

In this Phase One trial and in the absence of the FS Report, Exhibit 346 (the MDEP letter) is simply irrelevant. See F.R.E. 401 & 402.

For these reasons, the Court EXCLUDES Exhibits 346 and 347 from the evidence that will be considered by the Court in rendering its decision on the issues to be decided as a result of the Phase One trial.

SO ORDERED.

                                              /s/ George Z. Singal
                                       Chief United States District Judge

Dated this 21st day of September 2005.