# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CITY OF BANGOR, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 02-183-B-S |
| ) | |
| CITIZENS COMMUNICATIONS ) | |
| COMPANY, ) | |
| ) | |
| Defendant & Third ) | |
| Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| BARRETT PAVING MATERIALS, INC., ) | |
| et al., ) | |
| ) | |
| Third Party Defendants. ) | |

## ORDER ON RCRA CLAIMS

Before the Court are two motions: (1) Plaintiff City of Bangor's Motion for Reconsideration Based on Subject Matter Jurisdiction (Docket # 660) and (2) Defendant Citizens Communications Company's Motion to Dismiss the City of Bangor's RCRA Claim for Lack of Subject Matter Jurisdiction (Docket # 663). For the reasons explained below, the Court DENIES both Motions.

### I. BACKGROUND

The cross-motions now before the Court follow the Court's filing of its Findings of Fact and Conclusions of Law (Docket # 658) on June 27, 2006. In that written ruling, the Court held, in relevant part, that Plaintiff City of Bangor ("City") and Defendant Citizens Communications Company ("Citizens") were jointly and severally liable under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B) and

1

thereby implicitly found that it had subject matter jurisdiction over the parties' RCRA claims. Pursuant to the Court's finding of RCRA liability, the Court held that the parties would be required to take specific actions to abate any imminent and substantial endangerment that exists in Dunnett's Cove, but noted the need for further proceedings in order to determine the precise scope of the RCRA injunction to be entered.

The motions currently pending ask the Court to reconsider its jurisdiction over the RCRA claims based on allegations that each side failed to comply with a "mandatory condition precedent" for bringing a RCRA citizen suit under 42 U.S.C. § 6972(a)(1)(B). Hallstrom v. Tillamook County, 493 U.S. 20, 26 (1989). Specifically, 42 U.S.C. § 6972(b)(2)(A), which reads in relevant part:

> No action may be commenced under subsection (a)(1)(B) of this section prior to 60 days after the plaintiff has given notice of the endangerment to--
>
> **(i)** the Administrator;
> **(ii)** the State in which the alleged endangerment may occur;
> **(iii)** any person alleged to have contributed or to be contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in subsection (a)(1)(B) of this section.

Id. The Supreme Court has clearly and simply held "that where a party suing under the citizen suit provisions of RCRA fails to meet the notice and 60-day delay requirements of § 6972(b), the district court must dismiss the action by the terms of the statute." Hallstrom, 493 U.S. at 33.

In this case, the City's Second Amended Complaint (Docket # 175) alleged compliance with the mandatory condition precedent found in § 6972(b)(2)(A) via paragraph 6A and Exhibit A. Paragraph 6A reads: "The City gave Citizens notice of its intent to sue in compliance with 42 U.S.C. § 6972(c) and regulation promulgated

2

thereunder. A true copy of the notice letter and proof of service upon Citizens is attached to this complaint as Exhibit A." (Second Am. Compl. ¶6A.) In fact, Exhibit A contains a notice letter, dated November 20, 2002, that was addressed to both Citizens' General Counsel as well as Citizens' retained counsel.[1] In addition, the letter was copied to the EPA Administrator and the Commissioner of the Maine Department of Environmental Protection ("MDEP"). Evidence of delivery to all of these individuals is included as part of Exhibit A.

Citizens' Answer to the Second Amended Complaint (Docket # 192) responded to paragraph 6A as follows: "To the extent Paragraph 6A contains legal conclusion, no answer is required. Citizens admits the remaining allegations contained in Paragraph 6A of the Second Amended Complaint." Notwithstanding the response to Paragraph 6A, Citizens' Answer asserted as its Twenty-Sixth Defense that "[t]he City's RCRA notice letter provides an insufficient basis for the RCRA claims in the City's Second Amended Complaint, and those claims are therefore outside the Court's jurisdiction." (Answer at 22.) Citizens' Answer also asserted a RCRA counterclaim against the City. There is no allegation or evidence suggesting that Citizens' complied with § 6972(b)(2)(A) prior to filings its RCRA counterclaim.

Since these initial filings in 2003, neither side has raised this issue of compliance with the notice and delay requirements of § 6972(b)(2)(A) until now. The City now seeks post-trial dismissal of Citizens' RCRA counterclaim for failure to comply with the notice and delay provisions of § 6972(b)(2)(A). Citizens has responded in part by

---

[1] The City added its RCRA claim via an Amended Complaint (Docket # 15) on April 17, 2003. Thus, the City delayed in excess of sixty days in commencing an action under § 6972(a)(1)(B).

moving to dismiss the City's RCRA claim based on the City's failure to offer proof of compliance with § 6972(b)(2)(A) at trial.

## II.     DISCUSSION

For purposes of the pending motion, the Court assumes that the failure to comply with the notice and delay provisions found in § 6972(b)(2)(A) results in a lack of subject matter jurisdiction.[2] Taking the jurisdictional challenges raised by the parties' post-trial motions in reverse order, the Court first addresses the challenge to the City's RCRA claim for failure to comply with § 6972(b)(2)(A) and then turns to the similar challenge to Citizens' RCRA counterclaim.

### A.     The City's RCRA Claim

Whether the Court has subject matter jurisdiction over the City's RCRA claim depends on the Court finding that the City gave notice to Citizens, the EPA Administrator and the MDEP sixty days prior to bringing its RCRA claim in accordance with § 6972(b)(2)(A). In its Motion to Dismiss, Citizens argues that the Court must determine whether the notice requirements of § 6972(b)(2)(A) were satisfied solely on the evidence offered at trial.

Quite simply, in finding jurisdictional facts, the Court is not limited to the record produced at trial. In fact, in resolving questions of subject matter jurisdiction "the court enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction." Valentin v. Hospital

---

[2] The motion papers submitted by both sides make a similar assumption relying in part on the First Circuit's decision in Dedham Water Co. v. Cumberland Farms Dairy, Inc., 805 F.2d 1074, 1082 (1st Cir. 1986). Notably, the First Circuit decision in Dedham Water predates the Supreme Court's decision in Hallstrom v. Tillamook County, 493 U.S. 20 (1990). In Hallstrom, the Supreme Court declined to determine whether the requirements now found in § 6972(b)(2)(A) were "jurisdictional in the strict sense of the term." Hallstrom, 493 U.S. at 31.

Bella Vista, 254 F.3d 358, 364 (1st Cir. 2001).  Moreover, deferring determination of jurisdictional facts until the time of trial is a practice generally reserved for those exceptional cases in which jurisdictional facts are "inextricably intertwined with the merits of the case" and "genuinely disputed."  Id. at 363 n.3; see also Skwira v. United States, 344 F.3d 64, 71-72 & n.10 (1st Cir. 2003).

The question of compliance with the notice requirements of § 6972(b)(2)(A) is not in any way intertwined with the issues tried at the Phase One trial of this matter.  In addition, a review of the existing record (which is well within the broad authority of the Court faced with a jurisdictional challenge) allows the Court to find all of the jurisdictional facts necessary to conclude that the City did comply with the notice requirements of § 6972(b)(2)(A).  Paragraph 6A of the Second Amended Complaint and Exhibit A to the Second Amended Complaint show that the City complied with RCRA's notice requirements.  Moreover, in its Answer, Citizens admitted the factual allegations contained in Paragraph 6A of the Second Amended Complaint, including Exhibit A. Citizens did not deny that it received the letter contained in Exhibit A or that copies of that same letter had been sent to and received by the EPA Administrator and Maine DEP. Thus, the Court considers Citizens' Answer a judicial admission that Exhibit A was mailed to Citizens, the EPA Administrator and Maine DEP. See Gibbs v. CIGNA Corp., 440 F.3d 571, 578 (2d Cir. 2006) ("Facts admitted in an answer, as in any pleading, are judicial admissions that bind the defendant throughout this litigation.")

These pleadings, along with the attached exhibit, are sufficient to withstand either a "factual challenge or a "sufficiency challenge" to requisite compliance with § 6972(b)(2)(A).  Valentin, 254 F.3d at 363.  Thus, in the circumstances presented here, the

5

Court is satisfied that the jurisdictional facts necessary to satisfy the requirements of § 6972(b)(2)(A) were clearly placed on the record via the parties' pleadings.  Therefore, it was not necessary for the City to offer any additional proof of subject matter jurisdiction at the Phase One trial.[3]  For this reason, the Court DENIES Defendant's Motion to Dismiss the City of Bangor's RCRA Claim for Lack of Subject Matter Jurisdiction.

**B.     Citizens' RCRA Claim**

Having determined that it has subject matter jurisdiction over the City's RCRA claim, the Court turns its attention Citizens' alleged failure to comply with § 6972(b)(2)(A) in connection with its RCRA counterclaim.  In contrast to the record evidence supporting the City's actual compliance with RCRA's notice provisions, there is no evidence anywhere in the record that Citizens attempted to comply with the notice and delay provisions contained in § 6972(b)(2)(A).  The City alleges post-trial that this lack of evidence is fatal to Citizens' RCRA counterclaim.  In response, Citizens claims that the requirements of § 6972(b)(2)(A) do not apply to RCRA counterclaims.

In short, the Court concurs with Citizens' that the requirements of § 6972(b)(2)(A) do not apply to RCRA counterclaims.  But see Portsmouth Redevelopment & Housing Auth. V. BMI Apartments Assocs., 847 F. Supp. 380, 386 (E.D.Va. 1994).  As noted by Citizens, this conclusion is mandated by the plain language of the statute, which makes notice and delay by "plaintiff" a prequisite to the commencement of an action under § 6972(a)(1)(B).

---

[3] Even if the Court were not satisfied on the current record that the City had satisfied the mandatory condition precedent of § 6972(b)(2)(A), the Court notes that it would provide the City with an opportunity to present relevant facts supporting its claim of jurisdiction prior to dismissing the case for lack of subject matter jurisdiction.  See, e.g., McCulloch v. Velez, 364 F.3d 1, 6 (1st Cir. 2004) ("Before a court can engage in differential factfinding and dismiss an action under Rule 12(b)(1), the party asserting the existence of subject matter jurisdiction must be given notice that the issue is in dispute and an adequate opportunity to ascertain and present relevant facts and arguments supporting his claim of jurisdiction.")

In addition, reading the notice and delay provision as applying to counterclaims would run afoul of the Federal Rule of Civil Procedure, specifically Rule 12 and Rule 13(a). See AM Int'l, Inc. v. Datacard Corp., DBS, Inc., 106 F.3d 1342, 1353-54 (7th Cir. 1997) (Ripple, J., concurring).  Quite simply, requiring a notice and delay in accordance with § 6972(b)(2)(A) would prevent a defendant from including a RCRA counterclaim in a timely filed answer as contemplated by these Rules.[4]  The Court believes the more efficient course would be to read § 6972(b)(2)(A) in accordance with its plain language and Rule 3, thereby requiring compliance with the notice and delay provisions only when a RCRA action is commenced and not applying the same mandatory condition precedent to RCRA counterclaims filed in response to a RCRA claim contained in the initial complaint.

The Court notes that application of the notice and delay requirements to RCRA counterclaims in circumstances similar to those presented serves no discernable purpose. Generally, requiring notice and delay before the commencement of a RCRA citizen suit serves two goals: (1) "notice allows Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits" and (2) "notice gives the alleged violator 'an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit.'" Hallstrom, 493 U.S. at 29 (citations omitted).  Having already received notice from a plaintiff, additional notice to government agencies in connection with the filing of a RCRA counterclaim would simply be duplicative.  With respect to the second goal, suffice it to say that notice to a plaintiff, who has already commenced a citizen suit, is unlikely to prompt that plaintiff to

---

[4] The Court notes that Rule 13(e) would allow a defendant to seek permission to file a RCRA counterclaim later via supplemental pleading.

bring itself into complete compliance with RCRA and then decide to drop the citizen suit it has already commenced.

Thus, application of the notice and delay provisions to RCRA counterclaims would appear to go against both the letter and the spirit of § 6972(b)(2)(A) and serve only to further delay already commenced litigation. For these reasons, the Court holds that the requirements of § 6972(b)(2)(A) do not apply to Citizens' RCRA counterclaim. On this basis, the Court DENIES Plaintiff's Motion for Reconsideration Based on Subject Matter Jurisdiction.

### III.  CONCLUSION

In short, the Court finds the belated epiphanies of both sides regarding § 6972(b)(2)(A) to be without merit. Thus, Plaintiff's Motion for Reconsideration Based on Subject Matter Jurisdiction (Docket # 660) and Defendant's Motion to Dismiss the City of Bangor's RCRA Claim for Lack of Subject Matter Jurisdiction (Docket # 663) are hereby DENIED.

SO ORDERED.

    /s/ George Z. Singal  
Chief United States District Judge

Dated this 28th day of August 2006.