UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CITY OF BANGOR,<br><br>   Plaintiff<br><br>v.<br><br>CITIZEN COMMUNICATIONS COMPANY,<br><br>   Defendant & Third Party Plaintiff<br><br>v.<br><br>BARRETT PAVING MATERIALS, INC. et al,<br><br>   Third Party Defendants. | Civil No. 02-183-B-S |

## REPORT OF CONFERENCE AND ORDER

A telephonic conference of counsel was held on August 29, 2006, at 9:30 A.M.

Appearances:   For Plaintiff City of Bangor:   William Devoe
                          P. Andrew Hamilton
                          W. Scott Laseter

       For Defendant Citizens
       Communications Company:   Martha Gaythwaite
                          Jay Johnson

       For the State of Maine:   Dennis Harnish

   The Court set this conference after receiving the Joint Proposed Scheduling Order (Docket # 664) in order to determine the most efficient course for resolution of this matter. Prior to the conference, the Court received a letter from the State of Maine, dated August 18, 2006. (A copy of this letter is attached to this Order as Court Exhibit 1.) The Court also received Citizens' Response to the Maine Department of Environmental Protection's Correspondence (Docket # 668).

In its letter to the Court, the State of Maine has requested a 90-day stay of this matter in order to allow the parties to come to an agreement with MDEP on a remedial plan for Dunnett's Cove. Although the State considers itself an "interested party," Attorney Harnish indicated the State does not seek to intervene in this matter at this time. Without intervention, the State simply has no standing to seek a stay of this case.

That said, both the City and Citizens represented that they join in the State's request for a 90-day stay so that they may focus their joint efforts on reaching an agreement regarding a remedial plan that might, in turn, lead to a global resolution of this matter. Having heard from all sides, the Court agreed to order a 90-day stay of this matter. In accordance with that oral ruling, the Court hereby ORDERS that this matter be stayed until November 30, 2006. The parties shall file monthly status reports explaining both the progress that has been made in the prior month and what remains to be done before a remedial plan could be finalized. These status reports, which may be filed jointly, shall be filed on or before the 29th day of each month. The Court reserves the right upon review of any status report to determine that adequate progress is not being made and that the stay should be lifted.

In the event that the parties cannot reach a settlement of this matter, the Court will proceed to a Phase Two trial to determine the remedy to be ordered under RCRA and CERCLA. At the conference, the parties agreed that the discovery needed prior to any Phase Two trial could be completed within 90 days. As the Court indicated during the conference, the Court will hold the parties to that representation and, upon the lift of any stay, the Court will finalize a schedule under which discovery is completed within 90 days followed by a trial date shortly thereafter.

**SO ORDERED.**

/s/ George Z. Singal
U.S. Chief District Judge

Dated the 29th day of August 2006.