UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **CITY OF BANGOR,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CITIZEN COMMUNICATIONS** )<br>**COMPANY,** )<br>)<br>**Defendant & Third** )<br>**Party Plaintiff,** )<br>)<br>v. )<br>)<br>**BARRETT PAVING MATERIALS, INC. et al,** )<br>)<br>**Third Party Defendants.** ) | **Civil No. 02-183-B-S** |

**ORDER SETTING PHASE TWO STATUS CONFERENCE**

  Before the Court is the January 9, 2007 Joint Status Report and Request for Conference (Docket # 684). Having reviewed this latest submission, the Court now sets this matter for a status conference to be held on Thursday, January 18, 2007 at 10:30 AM.[1] The purpose of this conference will be to discuss issues related to the Phase Two trial as well as any possible settlement of those issues. Thus, the Court orders that only Plaintiff City of Bangor and Defendant Citizens Communications Company attend this conference. In addition, the Court requests that counsel for the Maine DEP attend this conference. Plaintiff and Defendant shall be responsible for advising Maine DEP of this request and determining whether and how counsel for Maine DEP will participate in the status conference.

  Based on the Joint Status Report, it appears that counsel for Plaintiff and Defendant are requesting that this Court assist them in reaching a settlement on the Phase Two issues. The Court is certainly willing to offer such assistance. However, given the complexity of this matter and the substantial investment of time and resources already made by this judge, it is in the interest of the Court

---

[1] If this date and time present an insurmountable conflict for counsel, they shall promptly contact the Clerk's Office to reschedule for some other time between January 16, 2007 and January 19, 2007. While the Court's preference would be to have counsel for all sides appear in Portland, counsel are free to participate telephonically if necessary.

and the litigants that this judge, who may also be required to serve as the fact finder at any Phase Two proceeding, avoid creating a basis for recusal or disqualification. Therefore, prior to the status conference, counsel shall discuss this issue with their clients. The Court expects counsel to come to the status conference prepared to state on the record whether their clients consent to this judge conducting any further settlement conferences or whether they are requesting that settlement conferences be scheduled before another judicial officer.[2] In any event, the parties are hereby put on notice that the Court anticipates inquiring about the status of settlement discussions at the status conference and they shall be prepared to provide the Court with as much information as is warranted based on the consent received from their clients prior to the conference.

This matter shall remain STAYED until further order of this Court. The Court anticipates issuing that further order immediately following this status conference and the parties shall come to the status conference prepared to propose and discuss a Phase Two Scheduling Order that will set the timeline for resolving all Phase Two issues in the event that a settlement is not reached in the very near future.

An additional order setting a Phase Three Status Conference for a later date will follow.

**SO ORDERED.**

                                        /s/ George Z. Singal
                                        U.S. Chief District Judge

Dated the 10th day of January 2007.

---

[2] While it is the ordinary practice of this Court to set settlement conferences before a judicial officer who will not act as fact finder, this practice admittedly may not lend itself to complex cases that involve both lengthy procedural histories and scientific issues. The Court's own preliminary research indicates that having a trial judge conduct a settlement conference in such a case does not necessarily require later disqualification. See, e.g., Bilello v. Abbot Laboratories, 825 F. Supp. 475, 479-81 (E.D.N.Y. 1993) (collecting cases and other materials). Of course, the nature of the settlement conferences as well as the procedures to be utilized (e.g., *in camera* submissions or *ex parte* meetings) ultimately affect the disqualification issue. The Court urges the parties to give thoughtful consideration to this issue prior to the status conference and come prepared to propose a course of action that will most efficiently resolve this matter for all involved.