### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | |
|---|---|
| **CITY OF BANGOR,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 02-183-B-S |
| | ) |
| **CITIZEN COMMUNICATIONS COMPANY,** | ) |
| | ) |
| Defendant & Third Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **BARRETT PAVING MATERIALS, INC. et al,** | ) |
| | ) |
| Third Party Defendants. | ) |

### ORDER

Before the Court is the February 16, 2007 Joint Status Report (Docket # 693), which was filed in accordance with this Court's earlier Order (Docket # 690). On January 18, 2007, the Court continued a stay of this matter in order to allow the parties to finalize and file a contemplated settlement. Having reviewed the latest status report, it is clear that the parties have been unable to finalize their settlement by the February 16, 2007 deadline. While the Court has allowed repeated stays of this matter in an effort to facilitate the parties' settlement efforts, the Court now finds that there is no basis for continuing a stay of this matter. In short, the parties' progress toward a global resolution of this matter is inadequate and does not justify a further stay.

The Court is particularly concerned with the parties' inability to present a proposed consent decree to the Court by the February 16, 2007 deadline. While the parties clearly contemplate that a consent decree will be an important component of the settlement of the remaining remedy issues, the Court has not been provided any information regarding the terms of the proposed consent decree and, thus, cannot assess whether it would even enter the consent decree contemplated by the parties. Absent more detail, the Court is unable to assess whether such a consent decree is viable as well as its

impact on the third and fourth parties. While the Court understands that the parties have encountered delays in getting the State of Maine to sign off on a proposed consent decree, the State has been and continues to be a non-party to this action. The Court simply cannot and will not allow this matter to languish on its docket because of inaction by a non-party.

The Court will await the February 23, 2007 filings and the previously scheduled February 28, 2007 conference before issuing a scheduling order to move this matter forward. However, the parties are hereby notified that a scheduling order will enter following the February 28, 2007 conference and the Court does not envision allowing any further stays.

In light of all of the recent developments as well as the Court's Phase One Findings of Fact and Conclusions of Law (Docket # 658), the Court's present inclination is to move forward with the resolution of all third and fourth party liability issues and thereby delay any trial on remedy (aka "the Phase Two trial") until after the Court has determined whether there are in fact any other liable parties. Thus, the Court is currently contemplating the completion of what has been previously referred to as "Phase Three" prior to moving forward with a trial on remedy (aka "Phase Two"). The Court expects all parties to come to the February 28, 2007 conference ready to discuss and raise any objections to this proposal.

**SO ORDERED.**

/s/ George Z. Singal  
U.S. Chief District Judge

Dated the 20th day of February 2007.