**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **CITY OF BANGOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 02-183-B-S** |
| | ) | |
| **CITIZEN COMMUNICATIONS** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant & Third** | ) | |
| **Party Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BARRETT PAVING MATERIALS, INC. et al.,** | ) | |
| | ) | |
| **Third Party Defendants.** | ) | |

**ORDER ON REMAINING MOTIONS**

Before the Court is Third Party Plaintiff Citizens Communications Company's Motion to Dismiss Its Third Party Complaints without Prejudice (Docket # 777) ("Citizens' Motion to Dismiss without Prejudice") as well as a set of motions that this Court has previously described as the "Non-MGP Parties' Motions for Judgment," which include: (1) Motion for Judgment by Third Party Defendants Barrett Paving Materials, Inc. and Honeywell, Inc. and Fourth-Party Defendant Colas, S.A. (Docket # 682), (2) Third-Party Defendants Maine Central Railroad Company and Guilford Transportation Industries, Inc.'s Motion to Dismiss and/or Judgment on the Pleadings (Docket # 703), (3) Third Party Defendant Dead River Company's Motion for Judgment on the Pleadings (Docket # 704)[1] and (4) Motion for Judgment on the Pleadings by Third Party Defendant

---

[1] See Third Party Defs. Maine Central Railroad Co. & Guilford Transportation Indust., Inc. Reply (Docket # 710) at 2 (clarifying the title of the original motion).

Beazer East, Inc. (Docket # 705).

When the Court initially directed Citizens to file its pending Motion to Dismiss without Prejudice, it contemplated that the Motion would serve as a mere procedural vehicle for implementing the Court's previous Orders (see Docket #s 753, 771 & 772). Nonetheless, various affected parties requested the opportunity to oppose the Motion in order to preserve all rights of appeal and the Court therefore accepted opposition papers (see Docket #s 780, 781 & 784). During this same time period, various Third and Fourth Party Defendants filed notices of appeal (see Docket #s 773 & 782).

The notices of appeal prompted this Court to pause in order to consider whether it retained jurisdiction to decide the motions that remained pending on the docket. After all, it is "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (citations omitted). Nonetheless, the Court concludes that this principle is not applicable to the current exceptional situation in which a consent decree has been entered pursuant to Rule 54(b) and ruling on the remaining pending motions would actually serve to avoid piecemeal appeals and expedite the appeals already filed.[2] Therefore, the Court is satisfied that it retains jurisdiction to issue rulings on the current pending motions and that any further delay of such rulings will only serve to confuse the issues now on appeal.

---

[2] The Court's review of the docket in the pending appeal suggests that the parties have actually requested that the First Circuit delay adjudication of the pending appeals until this Court issues rulings on the remaining pending motions. (See November 14, 2007 Motion to Extend Briefing Deadlines in Bangor v. Citizens Communications Company (First Circuit Docket No. 07-2193).)

Moreover, the Court is concerned that withholding rulings on the remaining motions may ultimately delay resolution of the appeal and thereby further delay any remediation of Dunnett's Cove.

Therefore, the Court hereby GRANTS Citizens' Motion to Dismiss without Prejudice (Docket # 777).  While the Court has considered the various objections filed in connection with this Motion, none of these objections appear to override the logistical benefits of having Citizens pursue all of its remaining claims in a new action.  The Court relies on its previous orders (Docket #s 753, 771 & 772) to further explain its basis for this ruling.

In light of the Court's decision to dismiss all of Citizens' third party claims without prejudice, the Non-MGP Parties' Motions for Judgment (Docket #s 682, 703, 704 & 705) are MOOT and the Court hereby DENIES all of these motions without prejudice to any party renewing the arguments contained in these motions to the extent Citizens pursues similar claims in another case.

**SO ORDERED.**

/s/ George Z. Singal
U.S. Chief District Judge

Dated the 28th day of November 2007.